Harold L. BOWERS, d/b/a HLB Technology, Inc., Plaintiff,

v.

BAYSTATE TECHNOLOGIES, INC., Defendant.

No. Civ.A. 91–40079–NMG.

United States District Court, D. Massachusetts.

June 20, 2000.

Louis M. Ciavarra, George B. Sanders, Jr., Bowditch & Dewey, Worcester, MA, Robert M. Asher, Lee C. Bromberg, Robert L. Kann, Julia Huston, Bromberg & Sunstein, Boston, MA, for Bay State Technologies, Inc.

Frederick M. Meeker, Steve S. Chang, Banner & Witcoff, Ltd., Washington, DC, Dale A. Malone, Gregory J. Cohan, Banner & Witcoff, Boston, MA, for Harold L. Bowers.

## MEMORANDUM AND ORDER

GORTON, District Judge.

This Court presided over a jury trial in the above-captioned civil action between May 15 and June 7, 2000. Most of the claims asserted by each party were tried to the jury and it returned a verdict in favor of Harold L. Bowers d/b/a HLB Technology, Inc. ("Bowers") on his patent infringement, copyright infringement and breach of contract claims. Consideration of the claim of Baystate Technologies, Inc. ("Baystate") under the Massachusetts Consumer Protection Act, M.G.L. c. 93A, §§ 2, 11 ("Chapter 93A"), was reserved for this Court's determination.

At the conclusion of all of the evidence, this Court allowed Bowers' motion to dismiss Baystate's Chapter 93A claim. Findings of Fact and Conclusions of Law with respect to that claim follow.

### I. Findings of Fact

1. Harold Bowers is the single-named inventor on U.S. Patent No. 4,933,514 ("the '514 Patent"), which was initially filed at the United States Patent and Trademark Office ("the PTO") on February 27, 1989, and issued on June 12, 1990.

2. Bowers, through his attorney, sent a cease-and-desist letter to Baystate, dated April 22, 1991. The letter informed Baystate that Bowers believed Baystate was infringing the '514 patent.

3. In a second cease-and-desist letter dated May 14, 1991 from Bowers' attorney to Baystate's attorney, Bowers indicated that no response had been received to his first letter and that Bowers continued to assert that Baystate was infringing the '514 patent.

4. Shortly thereafter, Baystate filed the pending lawsuit, seeking a) declaratory judgment that, *inter alia,* the '514 Patent was invalid and not infringed by any of Baystate's products and b) relief under M.G.L. c. 93A for what Baystate alleged was an attempt by Bowers to enforce a patent that he knew to be invalid and/or unenforceable.

5. On February 1, 1993, Bowers requested reexamination of the '514 Patent to address its validity in view of, *inter alia,* the Keymaster template which had not been cited to nor considered by the PTO, during the original prosecution of the '514 Patent.

6. The reexamination of the '514 Patent ultimately concluded with the issuance of a Reexamination Certificate upholding the validity of the claims of the '514 Patent over, *inter alia,* the Keymaster template.

### II. Conclusions of Law

■ Chapter 93A declares "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful. M.G.L. c. 93A, § 2(a). The statute expressly provides a private right of action to non-consumer claimants injured by violations of its terms. M.G.L. c. 93A, § 11 ("Section 11"). To prevail in a Section 11 action, a claimant must prove that a person who is engaged in trade or business committed an unfair or deceptive trade practice and that the claimant suffered a loss of money or property as a result.

*Alan Corp. v. International Surplus Lines Ins. Co.,* 823 F.Supp. 33, 43 (D.Mass.1993).

The standard for determining whether conduct in a transaction between two businesses is unfair or deceptive is whether such conduct reaches "a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." *Damon v. Sun Co., Inc.,* 87 F.3d 1467, 1483 (1st Cir.1996) (quoting *Levings v. Forbes & Wallace, Inc.,* 8 Mass.App.Ct. 498, 504, 396 N.E.2d 149 (1979)). Here, Baystate was required to show that Bowers' actions fell "within at least the penumbra of some common-law, statutory or other established concept of unfairness," or were otherwise "immoral, unethical, oppressive or unscrupulous". *PMP Assocs., Inc. v. Globe Newspaper Co.,* 366 Mass. 593, 596, 321 N.E.2d 915 (1975). If Bowers had a reasonable and sound basis for bringing his lawsuit, no violation of Chapter 93A was committed, even if that suit was ultimately unsuccessful. *Quaker State Oil Refining Corp. v. Garrity Oil Co.,* 884 F.2d 1510, 1514 (1st Cir.1989).

Having considered all of the evidence presented at trial, this Court concludes that Bowers' actions and statements fall short of the threshold level of rascality required under Chapter 93A. The jury returned a verdict that the '514 patent was valid and enforceable after considering all of Baystate's arguments to the contrary, including claims of patent misuse and inequitable conduct. The grounds for those two affirmative defenses are identical to the grounds for the Chapter 93A claim, specifically, that Bowers knew that his patent was invalid or unenforceable against Baystate when he asserted his infringement claim.

This Court therefore concludes, as did the jury, that Bowers did not attempt to enforce a patent that he knew was invalid or unenforceable. Bowers had an objectively reasonable and sound basis for his allegations of patent infringement by Baystate and his conduct was not unrea-

sonable in the context of the commercial marketplace nor was it deceptive or unfair. Judgment will be entered accordingly in favor of Bowers on the Chapter 93A claim asserted by Baystate.

So ordered.